Todd M. Friedman (SBN 216752)
Suren N. Weerasuriya (SBN 278521)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELETI LIVAI, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF:** |
| WEST ASSET MANAGEMENT, INC., | **(1)   Federal Fair Debt Collection Practices Act [15 U.S.C. § 1692 et seq.]** |
| Defendant. | **DEMAND FOR JURY TRIAL** |
| | **(Amount to exceed $25,000)** |

Plaintiff, Feleti Livai ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.   This is a class action brought on behalf of all individuals similarly

**CLASS ACTION COMPLAINT**
-1-

situated who received collection letters from Defendant wherein Defendant misrepresented to an individual the identity of the original creditor with respect to the alleged debt owed by said individual, in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, who is a company which is Incorporated in the state of Delaware.  Plaintiff also seeks up to $1,000.00 in damages for each call in violation of the FDCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

## PARTIES

3. Plaintiff, Feleti Livai ("Plaintiff"), is a natural person residing in Santa Clara County in the State of California who allegedly owed or owes a debt and is thereby and  is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. At all relevant times herein, Defendant, West Asset Management, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff and others which qualifies as a "debt," as defined by the FDCPA, U.S.C. § 1692a(5).  Defendant regularly attempts to collect debts alleged to be due them or another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

///

## FACTUAL ALLEGATIONS

5. Beginning in or around April 4, 2014, Defendant began contacting

Plaintiff in an attempt to collect an alleged outstanding debt owed for medical services rendered. Defendant referenced Plaintiff's account number as 214-22068547.

6. During this process, Defendant, in its ordinary course of business, began attempting to collect the alleged debt from Plaintiff via dunning letters. Said dunning letters demanded that Plaintiff promptly pays the alleged debt owed.

7. On a dunning letter sent to Plaintiff on April 4, 2014, Defendant identified the original creditor as Apria Healthcare. However, on Plaintiff's credit report, Defendant identified the original creditor as Connance, Inc. Plaintiff is informed, and thereon believes that Plaintiff has never received a loan from Connance, Inc., nor has Plaintiff engaged in any type of business with Connance, Inc.

8. Connance, Inc. is not the original creditor with respect to the alleged debt owed by Plaintiff. The original creditor for the aforementioned alleged debt is Apria Healthcare.

9. By stating that Connance, Inc. is the original creditor with respect to Plaintiff's account number 214-22068547, and not Apria Healthcare, Defendant has materially misrepresented facts about Plaintiff's alleged debt owed.

## CLASS ALLEGATIONS

10. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter the "The Class") defined as follows:

> All persons within the United States who received a dunning letter from Defendant within one (1) calendar year from the filing of the instant complaint wherein Defendant falsely and deceptively misrepresented to said person the identity of the original creditor with respect to said person's debt.

11. Defendants, their employees and agents are excluded from The

Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

12. This action is brought and may be properly maintained as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

13. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

14. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of the The Class. These common legal and factual questions, which do not vary between The Class members, and which may be determined without reference to the individual circumstances of any of The Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant sent any dunning letters to a Class member wherein Defendant, in the dunning letter, falsely and deceptively misrepresented to said person the identity of the original creditor with respect to said person's debt;
   b. Whether Plaintiff and The Class members were damages thereby, and the extent of damages for such violation; and
   c. Whether Defendants should be enjoined from engaging in

such conduct in the future.

15. Plaintiff is asserting claims that are typical of the The Class because every other member of The Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to statutory damages up to $1,000.00 in addition to actual damages and reasonable attorneys' fees and costs pursuant to the FDCPA.

16. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

17. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all of The Class members is impracticable. Even if every one of The Class members could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each of the Class members.

18. The prosecution of separate actions by thousands of individual Class members would also create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper disclosures which Defendant must provide to all Class members when attempting to collect alleged debts.

19. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical

matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

20. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of The Class as a whole.

## COUNT I: VIOLATION OF FEDERAL
## FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

22. Based upon the foregoing, Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

   b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10));

   c) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f));

   d) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1)); and

   e) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1)).

23. Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully

24. As a direct and proximate result of Defendant's violations of the FDCPA, U.S.C. 15 § 1692, et seq., Plaintiff and the members of The Class have suffered injury, and may recover from Defendant one thousand dollars

($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to the FDCPA.

25. The violations of the FDCPA, U.S.C. 15 § 1692, et seq., described herein present a continuing threat to members of The Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

a) That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

b) For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to the FDCPA;

c) For actual damages according to proof;

d) For reasonable attorneys' fees and costs of suit;

e) For prejudgment interest at the legal rate; and

f) For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of each and every claim so triable.

Respectfully submitted,

Dated:        January 6, 2015     **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

    s/Todd M. Friedman
Todd M. Friedman
Attorney for Plaintiff